FILED

AUG 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHELLEY C. STEPHENS, | No. 13-15601 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00484-JMS-KSC |
| v. | |
| COUNTY OF HAWAII POLICE DEPARTMENT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Shelley Stephens appeals from a grant of summary judgment in favor of the

County of Hawaii Police Department ("HPD") in her suit for damages and

injunctive relief. The suit arises from the alleged use by HPD officers of a pain

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

compliance, pressure point technique called the Brachial Plexus Clavicle Notch

Technique ("BPCNT"), which Stephens alleged was a violation of her equal

protection rights because HPD has a policy and practice of using this technique

only against women and juveniles. The district court assumed HPD officers

applied the BPCNT as Stephens alleges (a point the HPD disputes), but

nevertheless granted HPD summary judgment, holding that HPD's policy does not

violate the Equal Protection Clause. *See T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 631–32 (9th Cir. 1987). Construing Stephens's

brief as challenging both the grant of summary judgment and the denial of the

motion for reconsideration, we review de novo and affirm.[1] *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

"[C]lassifications by gender must serve important governmental objectives

and must be substantially related to achievement of those objectives." *Craig v.*

*Boren*, 429 U.S. 190, 197 (1976). Quickly and efficiently restraining resisting

arrestees is an important governmental objective. *See Forrester v. City of San*

---

[1]To the extent Stephens sought to appeal any other orders of the district court, those arguments were waived. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996) ("The summary mention of an issue . . . without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal.").

*Diego*, 25 F.3d 804, 807 (9th Cir. 1994). Stephens does not contest that point, but she asserts that applying the BPCNT only to women and juveniles is illogical because of differences in body types. That claim is insufficient to raise an issue of material fact regarding whether the use of this technique against women and juveniles is substantially related to an important government interest. HPD produced evidence that the BPCNT "is particularly effective with women and children because they do not have the bone density of men . . . [it] is generally less effective on men because of the bony structure in a man's neck and chest. This is the sole reason it is not applied to adult males, because it may be ineffective." Stephens has produced no evidence to dispute that the relationship between HPD's classification and interest constitutes invidious discrimination rather than a "realistic[] reflection] [of] the fact that the sexes are not similarly situated in certain circumstances." *Michael M. v. Superior Court of Sonoma Cnty.*, 450 U.S. 464, 469 (1981).

Because the motion for reconsideration merely reiterated Stephens's disagreement with the order granting summary judgment, the district court properly denied the motion. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**AFFIRMED.**